# **SETTLEMENT AGREEMENT**

The Parties to this Settlement Agreement ("Agreement"), are CARL CHRISTOPHER JENKINS, STEPHON XAVIER BRUINGTON, and TED SEBASTIAN NAVARRO (hereinafter, referred to as, the "Plaintiffs"); and DOUGHBOYS OF SOUTH FLORIDA, INC. (hereinafter, referred to as, the "Company"), and RANDY GREENFIELD, Individually, ("Greenfield"), and they are referred to, collectively, herein, as the "Defendants." The term "Company" shall also collectively include each and every officer, director, employee, agent, parent corporation, subsidiary corporation, wholly owned company, affiliate and division, and their successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, owners and shareholders.  Together, the Plaintiffs, the Company and Greenfield, are referred to, herein, as the "Parties." The Parties wish to effectuate a fair and amicable separation of the Plaintiffs from their prior employment with the Company and Greenfield, under the following terms and conditions.

1. In consideration of the mutual promises contained, in this Agreement, the Plaintiffs, the Company and Greenfield agree that:

   (A) The Plaintiffs previously filed an action, in the Southern District of Florida, against the Company and Greenfield, for overtime wage compensation against the Company and Greenfield, Individually, in the case entitled, "<u>CARL CHRISTOPHER JENKINS, STEPHON XAVIER BRUINGTON and TED SEBASTIAN NAVARRO</u>  vs. <u>DOUGHBOYS OF SOUTH FLORIDA, INC</u>. and <u>RANDY GREENFIELD</u>," **Case No. 20-60600-cv-RAR.**

   (B) The Plaintiffs confirm that with the signing and consummation of this Agreement, the Company and Greenfield, Individually, have fully paid them for all wages and overtime wages, earned through the final date of their employment, with the Company and Greenfield, Individually, including, if applicable, payments for all accrued and unutilized vacation time, sick time, and commissions due.

   (C) Upon execution of this Agreement, Company and Greenfield, Individually, have agreed to pay the Employees, the total sum of $75,523.00, according to the following terms:

   (i) $40,523.00 payable within seven (7) calendar days of the Court's approval of the Parties' Settlement;

   (ii) $35,000.00 payable over a period of 24 equal monthly installments, due and payable on or before the first of each month;

   **(iii)** Upon Court approval of the Parties' Settlement, the Employees shall file a Motion of Voluntary Dismissal with Prejudice conditioned on the Court's retention of jurisdiction to enforce the terms of this Agreement, in the case entitled, "<u>CARL CHRISTOPHER JENKINS, STEPHON XAVIER BRUINGTON and TED SEBASTIAN NAVARRO</u>  vs. <u>DOUGHBOYS OF SOUTH FLORIDA, INC</u>. and <u>RANDY GREENFIELD</u>," **Case No. 20-60600-cv-RAR.**

1

**EXHIBIT A**

Initials: ___

Doc ID: ab26bf57c2779cd4bed53d489620cf9b6344ab46

(iv) In the event an enforcement action becomes necessary, the prevailing party shall be entitled to reasonable fees and costs, including reasonable fees and costs, incurred during a post-judgment collection action;

(v) All payments, pursuant to the Agreement, shall be timely delivered to the Office of Koz Law, P.A., 320 S.E. 9th Street, Ft. Lauderdale, Florida 33316; alternatively, the parties may agree to direct deposit of the funds in their bank accounts;[1]

(vi) For each late payment which that the Defendants fail to deliver in a timely manner, the Defendants must pay an additional $500.00, which will be due at the same time when the late payment is delivered, one payment of $500.00 in total, and not $500.00 payable separately to each Employee; and

(vii) If the Defendants fail to deliver the required payments in a timely manner, Plaintiffs' counsel shall send an e-mail to defense counsel, Mark J. Berkowitz, at markberk57@gmail.com and an additional e-mail will be sent to Greenfield, genesisproperty@aol.com, with a Notice of Default, and if Defendants fail to cure the default within five business days, of the e-mailed Notice of Default, the Plaintiffs shall be entitled to a default judgment of $100,523 minus the payments which have already been made.

(viii) The Settlement payments shall be made according to the following chart:

---

[1] The parties acknowledge that Plaintiffs' counsel will not be electing to receive direct deposits and, instead, Defendants are responsible for delivering payments to Koz Law, P.A. on or before the correct Delivery Dates.

2

**EXHIBIT A**

Doc ID: ab26bf57c2779cd4bed53d489620cf9b6344ab46

| Payment | Delivery Date | Check Made Payable to "Carl Jenkins" | Check Made Payable to "Stephon Bruington" | Check Made Payable to "Tedd Navarro" | Check Made Payable to "Koz Law, P.A." |
|---|---|---|---|---|---|
| 1 | 7 Days of Court Approval | $ 8,416.35 | $ 5,531.15 | $ 6,052.50 | $ 20,523.00 |
| 2 | 9/1/20 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 3 | 10/1/20 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 4 | 11/1/20 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 5 | 12/1/20 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 6 | 1/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 7 | 2/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 8 | 3/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 9 | 4/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 10 | 5/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 11 | 6/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 12 | 7/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 13 | 8/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 14 | 9/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 15 | 10/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 16 | 11/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 17 | 12/1/21 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 18 | 1/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 19 | 2/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 20 | 3/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 21 | 4/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 22 | 5/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 23 | 6/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 24 | 7/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| 25 | 8/1/22 | $ 528.00 | $ 347.00 | $ - | $ 583.33 |
| | Total | $ 21,088.39 | $ 13,859.11 | $ 6,052.50 | $ 34,523.00 |

(D) Of the amounts paid to each Plaintiff, half shall be subject to lawful W-2 wage withholdings that Defendants will pay to the proper government agencies, and half will be designated as 1099 income from which no withholdings will be taken. Defendants agree to issue W-2's and 1099's to each Plaintiff during the years 2020, 2021, and 2022 at the appropriate times and that accurately reflect the payments made and lawful withholdings taken. Of the amounts each Plaintiff is receiving, half represents wages and half represents liquidated damages.

(E) The Plaintiffs agree to follow a personal standard of conduct that will not damage or cause to discredit in any way the continued business operations of Greenfield and or his Company. Similarly, Company and Greenfield agree to follow a personal standard of conduct that will not damage or cause to discredit in any way Plaintiffs.

(F) Upon receipt of a request for an employment reference on behalf of the Plaintiffs, the Company and/or Greenfield, will provide only a neutral reference, indicating the term of Plaintiffs' employment and the prior positions which they held.

2. In consideration of the mutual promises contained in this Agreement, Plaintiffs, the Company and Greenfield, agree that:

The Parties intend to effectuate with this Agreement the complete extinguishment of any and all claims, known or unknown, and actions of any nature whatsoever, from the beginning of time to

3

**EXHIBIT A**

Initials: ___

the date of this Agreement, between the Plaintiffs and the Defendants, and release and forever discharge each other of and from any and all manner of actions, causes of actions, charges, suits, rights to attorney fees, debts, claims, and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from the Plaintiffs' previous employment with, or separation of employment from, the Company, and or Greenfield. In addition, the Plaintiffs unconditionally release, discharge, waive, and hold harmless the Company and Greenfield, from each and every other claim, cause of action, right, liability, or demand of any kind and nature, whether or not presently known to exist. In addition, the Company and Greenfield unconditionally release, discharge, waive, and hold harmless the Plaintiffs from each and every other claim, cause of action, right, liability, or demand of any kind and nature, whether or not presently known to exist.

With respect to the claims that the Plaintiffs are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, but also they are also waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including, but not limited to, the EEOC, the Florida Department of Economic Opportunity, and/or the US Department of Labor, or any other federal, state or local governmental agency or department. This Agreement is a full and final bar to any claims that the Plaintiffs may have against Company, and or Greenfield, including, without limitation, any claims:

i. arising from the Plaintiffs' terms and conditions of employment, separation from employment, or the employment practices of the Company, and or Greenfield;

ii. relating to any claims for punitive or compensatory damages; back and/or front pay claims and fringe benefits; or payment of any attorneys' fees for the Plaintiffs;

iii. arising under the federal Civil Rights Acts of 1866, 1871, 1964, and 1991, the Americans with Disabilities Act, Age Discrimination in Employment Act, the Fair Labor Standards Act, the Equal Pay Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the Consolidated Omnibus Reconciliation Act, or any other federal or state labor, employment, or anti-discrimination laws;

iv. based on any contract, tort, whistleblower, *qui tam*, personal injury, retaliation, discrimination, harassment, or wrongful discharge theory; or

v. any personal claim of the Plaintiffs, against any current or former director, officer, employee, agent, or representative of the Company, including Greenfield, whether arising from, or in connection with, the Plaintiffs prior employment.

By signing below, the Plaintiffs acknowledge and agree that they have been paid for all salary, wages, and compensation earned through their last day worked, and that they are not entitled to receive, and shall not claim from Company, and or Greenfield, any compensation, payments or benefits except for those payments and benefits that are expressly set forth in this Agreement.

3. In connection with the Full and Final Settlement Amount as provided in this Agreement, the Plaintiffs agree to the waiver and release of any rights or claims they may have arising out of the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and in connection with the waiver of such ADEA claims, and as provided by the Older Workers Benefit Protection Act, the Plaintiffs are hereby advised by Company and they understand and agree, as follows:

   i. Prior to signing this Agreement, the Plaintiffs are hereby advised to consult with an attorney of the Plaintiffs' choice at their own expense;

   ii. Plaintiffs shall have a period of 21 days from the date of receipt of this Agreement in which to consider the terms of this Agreement. The Employees may sign and date this Agreement at any time during the 21-day period. Any changes made to this Agreement, whether material or immaterial, do not restart the running of the 21-day period.

   iii. Plaintiffs may revoke this Agreement at any time during the first seven (7) days following their execution of the Agreement, and this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired. If the Plaintiffs revoke this Agreement by notifying Company of its revocation at any time during the seven (7) day revocation period, then this Agreement shall not be effective or enforceable. Accordingly, the "Effective Date" of this Agreement shall be on the eighth (8th) day after the Plaintiffs sign this Agreement and returns it to Company, and provided that the Plaintiffs do not timely revoke the Agreement.

   iv. Nothing in this Agreement shall limit or prohibit the Plaintiffs' ability to challenge the validity or enforceability of this ADEA waiver as set forth in this Paragraph 3, nor shall this Agreement be construed to prohibit the Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or a comparable state or local agency regarding the ADEA release contained in this Paragraph 3. Notwithstanding the foregoing, the Plaintiffs agree to waive their right to recover monetary damages in any charge, complaint, or lawsuit filed by the Plaintiffs or by anyone else on their behalf. Plaintiffs further understand and agree that the Full and Final Settlement Amount as provided in Paragraph 1 is in addition to anything of value that the Plaintiffs would otherwise be entitled to receive from Company and constitutes valid consideration in exchange for the releases set forth in this Agreement.

5. The Plaintiffs shall not, at any time, directly or indirectly, in any individual or representative capacity, whatsoever, make any statements or representations, whether oral or written, or otherwise, publish, or communicate, including but not limited to making any statements or representations on any social media platform, or perform any act or omission, which are, could be or are likely to be slanderous, libelous, defamatory, ridiculing, disparaging, degrading, critical, detrimental or otherwise derogatory in any respect to: (a) the reputation of the Company or the reputation of the Company's officers, directors, stockholders, agents, representatives, employees, including

5

**EXHIBIT A**

Initials: _____

Greenfield, as well as consultants, subsidiaries or affiliates; (b) the Company's products and brands; (c) the Company's services or programs provided or to be provided by the Company in the business or retail community or in the beverage manufacturing industry; (d) the Company's business affairs, operation, management or financial condition; or (e) the circumstances surrounding the Company's new product development or marketing strategy.  A violation or threatened violation of this prohibition may be enjoined by the courts, and the rights afforded to the Company under this provision are in addition to any and all rights and remedies otherwise afforded by law (including those for money damages).  Nothing in this section shall preclude either party from making truthful statements that are reasonably necessary to comply with applicable law, regulation or legal process, or to defend or enforce a party's rights under this Agreement.

6. Except for section 1, in the event that any one or more of the provisions contained in this Agreement, or any portion thereof, is held to be invalid, illegal, or unenforceable in any respect, this Agreement shall be reformed, construed, and enforced as if such invalid, illegal, or unenforceable provision had never been contained herein. Section 1, and all of its subparts, are material and shall not be severable nor modifiable.

7. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without giving effect to conflict of laws. Any suit, action, or proceeding relating to this Agreement shall be brought in the federal and/or local courts of the State of Florida with venue in Broward County, Florida.  The Plaintiffs and the Defendants hereby accept the exclusive jurisdiction of those courts for the purpose of any such suit, action, or proceeding.

8. This Agreement represents and contains the entire agreement and understanding among the

    Parties hereto, with respect to the subject matter of this Agreement, and supersedes any and all prior oral and written agreements and understandings, and no representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter hereof shall be relied upon by the parties unless incorporated herein.  This Agreement may not be amended or modified except by an express written agreement signed by the parties.

    9.  As additional consideration for the Full and Final Settlement Amount, and to avoid any future claims or potential claims of discrimination and retaliation, the Plaintiffs agree not to seek or hold employment with Company. The Parties acknowledge and agree that the Employees have contractually agreed not to apply for or otherwise seek employment with Company, and this Agreement shall constitute a completely bar to any claim that they may should they seek employment with Company in the future and not be hired, or be hired and subsequently discharged, or to otherwise be subjected to adverse employment action.

    10. The Plaintiffs represent and warrant that they are the sole and lawful owners of all rights, title and interest in and to all released matters, claims and demands as herein contained, and that there has been no assignment or other transfer of any interest

6

**EXHIBIT A**

Initials: _____

of any claim or demand which the Plaintiffs may have against Company, and Greenfield, or any other releases contemplated by this Agreement.

11. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties hereto. This Agreement may be executed and transmitted either by original, facsimile, or other electronic method, each of which shall be deemed equally binding upon receipt by the other Party.

The undersigned have read this Agreement, understand all of its terms, and sign it voluntarily and with the knowledge that it will affect legal rights and remedies that the Parties might otherwise have.

**CARL CHRISTOPHER JENKINS**

By: _____

Dated: 11 / 10 / 2020 , 2020

**STEPHON XAVIER BRUINGTON**

By: _____

Dated: 11 / 10 / 2020 , 2020

**TED SEBASTIAN NAVARRO**

By: _____

Dated: 11 / 10 / 2020 , 2020

**DOUGHBOYS OF SOUTH FLORIDA, INC.**

By: _____
**Randy Greenfield, Authorized Representative**

Dated: 11 / 10 / 2020 , 2020

**RANDY GREENFIELD, Individually.**

By: _____

Dated: 11 / 10 / 2020 , 2020